**Hugh G. BYRNE, Appellant,**

v.

**UNITED STATES, Appellee.**

**Katherine A. THOMPSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 89–243, 89–244.**

District of Columbia Court of Appeals.

Argued June 26, 1990.

Decided July 24, 1990.

---

Mark L. Goldstone, appointed by this court, for appellant.

Margaret A. Flaherty, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Mark J. Ehlers, Asst. U.S. Attys., were on the brief, for appellee.

Before BELSON and TERRY, Associate Judges, and GALLAGHER, Senior Judge.

BELSON, Associate Judge:

The issue in this case is whether a foreign nation's embassy in the United States is public property from which a person may not be ejected without proof of an additional specific factor that establishes the person's lack of a legal right to stay there. We hold that it is not.

Appellants, Hugh Byrne and Katherine Thompson, and four other individuals entered the Embassy of El Salvador and proceeded to the ambassador's office. Although they had not made an appointment, they asked the secretary if they could speak to the ambassador. The ambassador, who happened to be talking to his secretary at her desk, had a brief conversation with them and informed them that he was too busy to see them. One of the individuals thereupon began reading a statement asking for an end to what were described as human rights violations in El Salvador. There was conflicting testimony on whether the ambassador personally asked them to leave, but it is undisputed that the ambassador called the Secret Service to do something about the situation and the protesters were aware that the call was made.

An officer from the Secret Service arrived and told the protesters that if they did not leave the embassy within five minutes, they would be arrested. When they did not leave, the officer arrested them. After a bench trial, appellants were convicted of one count of unlawful entry in violation of D.C.Code § 22–3102 (1989 Repl.). Appellants' only argument on appeal is that the government failed to prove an additional specific factor necessary to convict them for unlawful entry. We do not agree.

■ Under D.C.Code § 22–3102 (1989 Repl.), an individual can be convicted of unlawful entry if he remains on either private or public property, without lawful authority, after being asked to leave by the person lawfully in charge.[1] When public

1. D.C.Code § 22–3102 provides:
Any person who, without lawful authority, shall enter, or attempt to enter, any public or private dwelling, building or other property, or part of such dwelling, building or other property, against the will of the lawful occupant or of the person lawfully in charge thereof, or being therein or thereon, without lawful authority to remain therein or thereon shall refuse to quit the same on the demand of the lawful occupant, or of the person lawfully in charge thereof, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $100 or imprisonment in the Jail for not more than 6

property is involved, this court has required, in addition to a demand by the person lawfully in charge, "some additional specific factor establishing the party's lack of a legal right to remain." *O'Brien v. United States*, 444 A.2d 946, 948 (D.C. 1982). The requirement of an additional specific factor protects a citizen's First Amendment rights by ensuring that his "otherwise lawful presence is not conditioned upon the mere whim of a public official." *Leiss v. United States*, 364 A.2d 803, 806 (D.C.1976), *cert. denied*, 430 U.S. 970, 97 S.Ct. 1654, 52 L.Ed.2d 362 (1977). *See also Wheelock v. United States*, 552 A.2d 503, 505 (D.C.1988). Where the property is private, however, "the mere demand of the person lawfully in charge to leave necessarily deprives the other party of any lawful authority to remain on the premises." *O'Brien*, 444 A.2d at 948.

■ Appellants' argument that the government failed to prove a specific additional factor is premised on their assertion that a foreign embassy is public property. This premise is flawed. In *Fatemi v. United States*, this court stated: "Representatives of a foreign sovereign are given immunity from the operation of the laws of the receiving nation, and the premises and buildings occupied by the diplomatic mission usually are regarded as inviolable by the authorities of the receiving state." 192 A.2d 525, 527 (D.C.1963).[2]

If the United States government has no authority within a foreign embassy, it necessarily follows that a foreign embassy is not public property in the sense in which that term is used in the context of the First Amendment rights. An express demand to leave by the person lawfully in charge is therefore all that is necessary to deprive the other party of authority to remain within the premises of the foreign embassy. *Cf. Hemmati v. United States*, 564 A.2d 739, 742 (D.C.1989) (defendant had no First Amendment right to remain in senator's

office after being asked to leave by person lawfully in charge).

Appellants here do not challenge the trial court's finding that it was clear to the protesters that the Secret Service officer was acting as the agent of the ambassador when he asked them to leave the premises. *See Grogan v. United States*, 435 A.2d 1069. 1071 (D.C.1981) (person lawfully in chaı ̰ ᵉ may act personally or through an agent for purposes of unlawful entry statute). Accordingly, we hold that appellants violated the unlawful entry statute when they refused to comply with the request.

*Affirmed.*

months, or both, in the discretion of the court.

2. We also note that the United States is a signatory to an international treaty which provides that "premises of [a foreign] mission shall be inviolable," and "[t]he agents of the receiving State may not enter them, except with the consent of the head of the mission." Vienna Convention on Diplomatic Relations, Apr. 18, 1961 (ratified by U.S. 1972), art. 22.1, 23 U.S.T. 3227, 3237, T.I.A.S. No. 7502.